UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )        Cause No.  1:19-cr-0009-SEB-TAB
                                     )
ALONZO FEARS,                        )                          - 01
                                     )
                    Defendant.       )

## REPORT AND RECOMMENDATION

On February 12, February 19, March 2, May 20, and June 18, 2026, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on January 21, 2026, and Supplemental Petition filed on May 8, 2026. (Dkts. 52, 54, 56, 64). Defendant Fears appeared in person with his appointed counsel for all hearings. The government appeared by Carolyn Haney, Zachary Yauger, and MaryAnn Mindrum, Assistant United States Attorneys. The U. S. Parole and Probation appeared by Officers Tara Olson, Kristen Weeks, and Jennifer Considine.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Fears of his rights and provided him with a copy of the petitions. Defendant Fears orally waived his right to a preliminary hearing on the January 21, 2026, petition. (Dkt. 54). Defendant Fears was subsequently released on conditions on March 2, 2026. (Dkt. 56).

2.      After being placed under oath, Defendant Fears admitted violation

numbers 1, 2, 3, 4, 5, and 6 in the Petitions appearing at Docket Nos. [46] and [58].

(*See* Dkts. 54, 64).

3.      The allegations to which Defendant admitted, as fully set forth in the

petitions, are:

**Violation
Number      Nature of Noncompliance**

1      **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a license medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."**

On December 10, 2025, the offender submitted a random urinalysis which returned positive for both cocaine and amphetamines. This officer confronted him about the results at which time he adamantly denied any new drug use since his previous urinalysis taken on November 20, 2025. The tests was sent to Alere Toxicology for confirmation and to obtain a quantitative report for potential new drug use. On January 15, 2026, this officer received the confirmation and quantitative reports from Alere Toxicology, which confirmed both cocaine and methamphetamine use. The report also confirmed new use between the dates of November 20, 2025 and December 10, 2025.

On January 15, 2026, the offender submitted a random urinalysis which returned positive for cocaine. He denied any new illegal drug use after December 25, 2025.

As previously reported to the Court, the offender submitted positive drug tests for cocaine and amphetamines on August 4, August 12, November 4, and November 20, 2025.

2      **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may**

**include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."**

The offender failed to report for random drug tests on January 5, 2026, and January 14, 2026. He was scheduled through the drug testing hotline and confirmed receipt of both tests via text message. The offender claimed to have fallen ill with COVID-19 for the test scheduled on January 5, 2026, and claimed that his minor aged son damaged his cell phone on January 14, 2026, which caused him to miss that test.

3    **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a license medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."**

On March 31, 2026, Mr. Fears submitted a urine drug screen which tested positive for Amphetamines. This probation officer confronted Mr. Fears about the results and he admitted to consuming Ritalin for which he did not have a valid prescription. On April 30, 2026, Mr. Fears submitted a urine drug screen which tested positive for Amphetamines and Cocaine.

4    **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."**

Mr. Fears failed to report to the U.S. Probation Office as instructed for urinalyses testing on February 3, and February 4, 2026. Additionally, he failed to report for a random drug test on April 28, 2026. He was scheduled through the probation office drop line and confirmed receipt that he received the text message notification. Further, this probation officer also sent him a text message on April 27, 2026, advising he was scheduled to report for a random drug test the following day. Mr. Fears failed to report as scheduled and stated he was unable to arrange transportation.

5    **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The**

3

**probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

During a revocation hearing held on March 2, 2026, Mr. Fears was Court-ordered to report for inpatient treatment at Recovery Centers of America and attend treatment as directed. Mr. Fears was discharged from inpatient treatment on March 26, 2026, and he was directed to report directly for outpatient treatment as part of his recovery wellness plan. On March 26, 2026, Recovery Centers of America reached out to this probation officer to advise they had made several attempts to contact him to schedule his outpatient services with no success. This probation officer contacted Mr. Fears and directed him to enroll in outpatient services as directed by the agency. Mr. Fears did not enroll in outpatient services through Recovery Centers of America until April 6, 2026, at which time he was recommended to attend group sessions three times a week starting April 7, 2026. He was placed in a hybrid group which offers the flexibility to attend the sessions either in person or virtually via Zoom. On April 29, 2026, Recovery Centers of America reached out to this probation officer to advise Mr. Fears had not attended group since April 21, 2026, and he would be discharged from their services if he failed to attend group the following day. This probation officer contacted Mr. Fears and directed him to attend all sessions as scheduled. Since starting treatment, Mr. Fears failed to attend group April 9, April 23, April 27, and April 28, 2026.

6    **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

4

During the revocation hearing held on March 2, 2026, Mr. Fears was Court-ordered to comply with mental health treatment. On April 29, 2026, a referral was sent to Midwest Psychological Center, Incorporated (Midwest) and Mr. Fears was scheduled for an assessment on May 7, 2026. On May 7, 2026, this probation officer contacted Midwest and was advised Mr. Fears did not attend his assessment.

4.    The parties stipulated that:

(a)    The highest grade of violation was a Grade B violation.

(b)    Defendant's criminal history category was V.

(c)    The advisory range of imprisonment applicable upon revocation of supervised release, therefore, was 18 to 24 months' imprisonment.

5.    At the June 18, 2026, hearing, the parties jointly recommended a sentence of time served with approximately 8 months of supervised release to follow (term expiring January 27, 2027).

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or her designee for a period of <u>time served</u> with <u>eight months of supervised release to follow</u>. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

Justification: Conditions 1-12 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

6

13. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

14. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

16. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

    Justification: Conditions 13-16 are recommended to promote compliance with a drug and alcohol-free lifestyle and provide the offender with any needed mental health support services.

17. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Justification: Condition 17 will assist the probation officer in monitoring the offender for the protection of the community.

Defendant reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The Defendant is to be released pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

So RECOMMENDED.

Date: 06/22/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

8